# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | Case No. 18-cv-2459 ECW |
| Plaintiff, | |
| v. | **ORDER** |
| Tyler Havemeier, Nikki Blank, and Jacob Gatzlaff, | |
| Defendants. | |

This matter is before on the Court on Plaintiff's Motion in Limine Regarding the Admissibility of Defendant Havemeier's *Alford* Plea (Dkt. 65). The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636 and Rule 73 of the Federal Rules of Civil Procedure. (Dkts. 13, 14.) Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") seeks an order ruling that Defendant Tyler Havemeier's ("Havemeier") *Alford* Plea, including evidence of the plea and testimony from the plea hearing, is admissible as evidence of intent to injure and for the purpose of impeachment at the upcoming bench trial in this matter.

In its Order on the parties' cross motions for summary judgment, the Court rejected State Farm's contention that it was entitled to summary judgment on the basis that Havemeier's intent to harm Defendant Jacob Gatzlaff ("Gatzlaff") could be determined based solely on the *Alford* plea to Felony Second Degree Assault with a Deadly Weapon, given the underlying record with respect to the plea. (Dkt. 50 at 12-20.)

That said, the Court noted in its Order on State Farm's Motion for Certification for Interlocutory Appeal that it had not issued a decision with respect to the admissibility to the *Alford* plea at trial. (Dkt. 56 at 19 n.4.)

As part of the present Motion, State Farm argues that evidence and testimony regarding Havemeier's *Alford* plea to Felony Second Degree Assault with a Deadly Weapon, in the Brown County criminal matter related to the June 27, 2016 incident where Gatzlaff was struck by Havemeier, are probative of Havemeier's intent to cause bodily injury and are admissible to show Havemeier's intent and for purpose of impeachment. (Dkt. 66 at 3-4.) State Farm also asserts that Havemeier's *Alford* plea and hearing transcript are admissible under Rule 410 of the Federal Rules of Evidence because Havemeier's plea has not been withdrawn and a plea of *nolo contendere* is not an available plea in Minnesota state courts. (*Id* at 4-5.)

Gatzlaff responded to the Motion as follows:[1]

> Defendant Jacob Gatzlaff does not object to Plaintiff's Motion in Limine regarding the admissibility of Defendant Tyler Havemeier's *Alford* Plea. Although, Gatzlaff completely disagrees with Plaintiff's interpretation of the *Alford* plea as it relates to Havemeier's intent to cause bodily injury. Gatzlaff has the entire transcript of the *Alford* Plea on his Exhibit List and therefore has no objection to its admissibility.

(Dkt. 71.)

Given that Gatzlaff does not object to the admissibility of the Havemeier's *Alford* plea and hearing transcript with respect to the plea, the Court will grant State Farm's

---

[1]     The Court notes that Defendants Tyler Havemeier and Nikki Blank have not made an appearance in this matter as of the date of this Order.

Motion insofar as to their admissibility at trial.  The Court notes that Rule 410 of the

Federal Rules of Evidence does not preclude the admissibility at trial of Havemeier's

*Alford* plea and hearing transcript.  Rule 410 provides in relevant part as follows:

> (a) Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> > (1)    a guilty plea that was later withdrawn;
> >
> > (2)    a nolo contendere plea;
> >
> > (3)    a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> >
> > (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed. R. Evid. 410(a).

Havemeier's *Alford* plea and hearing transcript do not fall into any of the

exclusions set forth in Rule 401(a).  The plea was never withdrawn, and the plea and

Havemeier's testimony during the *Alford* hearing do not constitute a statement made

during plea discussions with an attorney for the prosecuting authority if the discussions

did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.  Further,

the Minnesota Supreme Court has distinguished a plea of *nolo contendre* from an *Alford*

plea:

> Rule 410 also excludes evidence of pleas of *nolo contendre*.  The reference is to nolo pleas from other jurisdictions, as Minnesota does not allow nolo pleas.  *See* Minn. R. Crim. P. 1401; Minn. R. Evid. 410 comm. cmt.—1977. Unlike a nolo plea, *Alford* pleas are accepted only after inquiry into actual

guilt, so they should be accepted as standard guilty pleas for purposes of Rule 410.

*Doe 136 v. Liebsch*, 872 N.W.2d 875, 885 n.3 (Minn. 2015) (citations omitted).

## **ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS OREDERED** that: Plaintiff's Motion in Limine Regarding the Admissibility of Defendant Havemeier's *Alford* Plea (Dkt. 65) is **GRANTED** insofar as Tyler Havemeier's *Alford* Plea and plea hearing transcript shall be admissible at the upcoming bench trial in this matter

DATED: May 28, 2021      *s/Elizabeth Cowan Wright*
            ELIZABETH COWAN WRIGHT
            United States Magistrate Judge